# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DONNA COWLEY,**
                  **Plaintiff**

**v.**                                                                         **Civil Action No.**
                                                                                     **3:05CV796-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                  **Defendant**

## MEMORANDUM OPINION

This case presents plaintiff Donna Cowley's challenge to the decision of the Commissioner denying her claim to disability insurance benefits. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision should be vacated and this matter remanded for further proceedings.

Ms. Cowley filed her application in March of 2003, claiming that she had been unable to engage in any substantial gainful employment since November of 1994. After a hearing, Administrative Law Judge Blaine ("ALJ Blaine") determined that Ms. Cowley's back pain/questionable myofascial pain/mild degenerative disc disease syndrome was a severe impairment that prevented her from performing any of her past relevant work. The ALJ further determined that she retained the residual functional capacity for a significant range of light work.

The procedural history of this claim is somewhat unusual. Ms. Cowley's original application was filed in October of 2000. The matter proceeded to hearing before ALJ Nichols, whose adverse decision in November of 2001 (Tr. 70-77) became final when Ms. Cowley did not

appeal the Appeals Council's July 30, 2002 denial of request for review.

In 2003, Ms. Cowley filed the current application. Citing the November 2001 decision and the March 31,. 2000 expiration of her fully insured status, ALJ Nichols denied her request for hearing on grounds of res judicata. Tr. 53. However, the musculoskeletal section of the Listing Impairments had been revised in February of 2002; therefore, the Appeals Council held that Ms. Crowley was entitled to any benefit from the revised Listing, and that *res judicata* did not apply. The Council directed ALJ Blaine to "evaluate the claimant's back impairment under the new criteria effective February 19, 2002, consider the other issues in evaluating severity, offer the claimant an opportunity for a hearing and take any further action needed to complete the administrative record." Tr. 104. ALJ Blaine then conducted a new hearing; however, pursuant to Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997), ALJ Blaine adopted the vocational expert's testimony and findings thereon from the November 2001 ALJ Nichols' decision.

Plaintiff contends that it was error for ALJ Blaine to adopt the residual functional capacity determination made by ALJ Nichols. First, she argues that ALJ Nichols' decision was not final because the Appeals Council order remanding the matter to ALJ Blaine reopened that decision. The Court is unable to see any basis for this contention. In presenting her 2003 application, Ms. Cowley did not request that the unfavorable decision on the previous application be reopened, nor did the Appeals Council state that it was reopening that application. While the remand order determined that res judicata did not apply to bar proceedings on her second application, it did not suggest that principles of issue preclusion would not apply. As the second application covered the same time period as the first application (given that her insured

status expired before the first decision), issue preclusion as explained in <u>Drummond</u> was properly invoked absent a showing that the "new and material evidence" exception applied.

      Alternatively, Ms. Cowley contends that application of <u>Drummond</u> was improper because her case fell under the exception stated therein, i.e., the previous determination does not automatically apply when the plaintiff presents new and material evidence in support of the subsequent application.  Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." <u>Sizemore v. Sec'y of Health & Human Servs.</u>, 865 F.2d 709, 711 (6th Cir.1988).

      The additional evidence she offered to ALJ Blaine consisted of the January 2005 deposition of Dr. Lawrence Peters.  Dr. Peters, a pain management specialist, began treating Ms. Cowley in June of 2001.  Tr. 136.  He testified that her complaints and physical examination had been essentially the same through the three and a half years of his treatment of her; furthermore, he had reviewed the notes of previous treating physicians and determined that her complaints and exam results had been essentially unchanged "during the years before she was seen by me." Tr. 139.  Dr. Peters did not believe Ms. Cowley was malingering, and he believed the source of her pain was "a muscular problem, deep, probably in her low back and spine."  Tr. 137.

      Plaintiff points out that Dr. Peters was able in 2005 to do a longitudinal evaluation of Ms. Cowley's complaints, something which he could not have done in June 2001.  Dr. Peters explicitly stated that when he began seeing Ms. Cowley in 2001, there were "some questions"

about disability, but the consistency and specificity of her complaints over time and her reaction to pain management techniques has convinced him over time that her severe and distracting pain existed at the time he first saw her and for some years prior thereto. Tr. 146-147.

The Court agrees that Dr. Peters' opinion and analysis represents "new" evidence in the sense that it was not and could not have been available as of November 2001, and further agrees that it constitutes "material" evidence in that there is "a reasonable probability" that ALJ Blaine "would have reached a different disposition of the disability claim" if he had considered the additional evidence rather than treating himself as bound by the residual functional capacity findings from 2001. <u>Sizemore v. Sec'y of Health & Human Servs.</u>, 865 F.2d 709, 711 (6th Cir.1988). Accordingly, remand is necessary to provide the Commissioner an opportunity to consider this additional evidence.[1]

An order in conformity has this day entered.

---

[1] As the question of residual functional capacity will not be treated as "settled," the Court assumes that counsel's legitimate concerns about reliance on evidence not presented in the administrative record will be addressed.